■ MARY CAPOZZI et al., Appellants, v. PHILIP CAPOZZI, as Administrator of the Estate of NICOLA CAPOZZI, Deceased, Respondent.— Order unanimously modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Memorandum: The order appealed from grants a motion of the administrator of the estate of Nicholas Capozzi to dismiss the complaint of Mary Capozzi and Nicola Michael Capozzi. The motion was made on the grounds that the complaint does not state a cause of action; that the court has no jurisdiction of the causes of action or of the parties; or in the alternative the court was requested to decline to entertain jurisdiction of the causes of action. Special Term dismissed the complaints and directed " that the claims of the defendants [*sic*] against the estate * * * be remitted to * * * Surrogate's Court for such action as provided under the provisions of the Surrogate Court Act." As indicated above, there was undoubtedly a typographical error, because the so-called claims were those of the plaintiffs and not of the defendant. The plaintiffs are the alleged widow and son of the decedent. They filed papers in Surrogate's Court asserting that they were entitled to intestate shares of the estate. These papers requested that Mary Capozzi be recognized as the widow entitled to an intestate share; that the letters of administration theretofore granted to one Philip Capozzi be set aside and revoked; that said Philip Capozzi render an accounting; that letters of administration be issued to petitioner and that there be a stay of further proceedings. The pleading of Nicola Michael Capozzi, which alleged that he was the son of the decedent seeking his distributive share, requested the same type of relief.

In other words these petitions were filed in the normal form employed by persons who claim the right to share in an estate not as claimants, as that term is used in its technical sense, but as distributees. The administrator rejected these "claims" in their entirety. Thereafter, and within three months from the date of such rejection a summons and complaint was served by Mary Capozzi and Nicola Michael Capozzi against the administrator in an action in the Supreme Court of Onondaga County. This complaint was later amended and, as amended contained allegations that Mary was the widow and that Nicola Michael Capozzi was the son of intestate, and demanded money judgment, for the plaintiff Mary for $150,000 with interest and for Nicola Michael Capozzi in the amount of $300,000. The complaint concededly is founded on the assertions of distributive shares and is proportioned accordingly. The plaintiffs resisted the motion to dismiss on the ground that they were "claimants" within the meaning of section 211 of the Surrogate's Court Act. This section provides that a rejected claim may be the subject of a plenary action if started within three months after rejection. It is the contention of the plaintiffs that they have presented "claims" as defined in section 211 and that Supreme Court had jurisdiction to try the case and that they are entitled to a jury trial. There is no doubt that if these were "claims" as defined in section 211, Supreme Court had jurisdiction. However, it does not appear that these are "claims" as contemplated by section 211, or in the preceding sections 207–210 of said act, which should be considered in interpreting section 211. The Special Term Justice correctly dismissed the complaint. It has been held: "Determination of issues within the specialized jurisdiction of the Surrogate's Court should be adjudicated therein". (*Noll* v. *Ruprecht*, 282 N. Y. 598, 600.) The order should be modified by affirming that part which dismissed the complaint and by striking the remission clause and by inserting in lieu thereof a direction that the dismissal is without prejudice to the right of the plaintiffs to continue their proceedings in Surrogate's Court to assert their claimed interests in the estate. (Appeal from order of Onondaga Special Term granting defendant's motion to dismiss the complaint.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.